# United States Court of Appeals

## For the First Circuit

No. 03-1596

SUPERMERCADOS ECONO, INC.,

Plaintiff, Appellant,

v.

INTEGRAND ASSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Enrique Peral-Soler, with whom Muñoz Boneta Benítez Peral & Brugueras were on brief, for appellant.
Rafael J. Velázquez-Villares, with whom Cobián & Valls, were on brief, for appellee.

July 7, 2004

**TORRUELLA, Circuit Judge.** Plaintiff-appellant Supermercados Econo ("Econo") appeals the district court's dismissal of its flood insurance money recovery claim against defendant-appellee Integrand Assurance Co. ("Integrand"). The district court found that Econo failed to comply with the requirement of the Standard Flood Insurance Policy ("SFIP") that a sworn proof of loss be submitted within sixty days after a flood loss. Econo does not contest this holding but argues instead that the case should be remanded to the district court for consideration of Econo's claim as a loss payee. As the findings of fact and conclusions of law in the district court's order and opinion do not permit meaningful appellate review, we vacate the judgment and remand to the district court with directions to address Econo's loss payee claim in compliance with Federal Rule of Civil Procedure 52(a).

## I. Background

We briefly summarize the relevant facts as found by the district court. In August 1994, Integrand issued a flood insurance policy to Atlantic Cold Storage, Inc. ("Atlantic") under the National Flood Insurance Program ("NFIP"), covering the risk of loss of property and perishable items stored in the Bechara Industrial Park. In September 1994, Atlantic entered into an agreement with Econo for the storage of Econo's goods. On September 23, 1994, in response to a request from Atlantic's

-2-

insurance broker, Integrand issued an endorsement to Atlantic's policy including Econo as an additional insured and loss payee.

On September 10, 1996, Hurricane Hortense's rains flooded the Bechara warehouse, damaging all stored merchandise. On November 14, 1996, Econo sent Integrand a letter informing Integrand that Econo suffered the loss of all goods stored at Atlantic's facilities, estimating the inventory's value at $131,423.54. On November 19, Atlantic filed a signed and sworn proof of loss with Integrand, which did not include the loss suffered by Econo. On December 12, 1996, Integrand issued a check payable to Atlantic in the amount of $250,144. The check did not include Econo as a payee, and Atlantic did not disburse any payment to Econo from these funds.

On December 4, 1997, Econo filed a complaint seeking compensation for insured property losses and monetary damages against Integrand, Atlantic, Atlantic's owner, president, and principal shareholder, Ernesto Cabezas ("Cabezas"), and Atlantic's insurance agent, Colonial Insurance Agency, Inc. ("Colonial"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. § 4001 et seq., and Puerto Rico law. Econo and Colonial settled their claims and partial judgment was entered on July 12, 2000, dismissing the action against Colonial. After a bench trial on June 24, 2002, the district court ordered the parties to submit proposed findings of fact and conclusions of law.

-3-

On February 28, 2003, the district court dismissed Econo's claims against Integrand for failure to comply with the SFIP's requirement that a sworn proof of loss be submitted within sixty days of a flood loss and because Econo's merchandise constituted bailee goods excluded from the SFIP's coverage. On the basis of default judgments entered against Atlantic and Cabezas, the district court granted Econo's negligence claims for failure to safeguard Econo's goods and found Atlantic and Cabezas jointly liable for the value of the damaged merchandise, $131,423.54. This appeal followed, in which Econo contends that the district court erred by failing to make findings of fact and conclusions of law, as required by Rule 52(a), regarding Econo's claim that, as a loss payee under the flood policy, Econo should have been included as a payee in the payment of any claim to Atlantic by Integrand.[1]

## II.  **Analysis**

Rule 52(a) provides that "[i]n all actions tried upon the facts without a jury . . ., the court shall find the facts specially and state separately its conclusions of law thereon." Fed. R. Civ. P. 52(a).  "The requirements of Rule 52(a) are intended to assure that the district court gives appropriate

---

[1]  A loss payee is a "person or entity named in an insurance policy . . . to be paid if the insured property suffers a loss." Black's Law Dictionary 958 (7th ed. 1999).  Econo thus argues that when Integrand accepted and paid Atlantic's claim, Econo should have been included as a loss payee, regardless of the failure of its claim as an additional insured.

consideration to all essential relevant factors and provides an adequate basis for meaningful appellate review of its decision." TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 545 (1st Cir. 1996)(citing 9A Wright & Miller, Federal Practice and Procedure, § 2571, at 478-80 (2d ed. 1994)). We have previously noted that while "it is of vital importance that the court scrupulously follow the requirements of Rule 52(a), . . . [t]he burden is not a heavy one. 'The judge need only make brief, definite, pertinent findings and conclusions upon the contested matters.'" In re Rare Coin Galleries of Am., Inc., 862 F.2d 896, 900 (1st Cir. 1988)(quoting Fed. R. Civ. P. 52(a) Advisory Committee Note (1946 Amendment)). We may even overlook the absence of Rule 52(a) findings and conclusions "if our own review of the record substantially eliminates all reasonable doubt as to the basis of the district court's decision." TEC Eng'g Corp., 82 F.3d at 545 (citations omitted). Nonetheless, when "the absence of any subsidiary findings of fact or conclusions of law renders it virtually impossible for this court to do anything but speculate as to the basis of the district court's ruling," we are unable to engage in meaningful appellate review and must remand to the district court. Id. (citations omitted).

The district court made no conclusions of law regarding Econo's claim as a loss payee. The district court did indeed find that Econo's claim as an additional insured must fail because Econo

failed to comply with the SFIP requirement of a signed and sworn proof of loss within sixty days and because the merchandise stored by Econo constituted bailee goods excluded from the SFIP's coverage. Econo does not dispute these determinations but argues that the SFIP's exclusion of bailee goods has no bearing on its claim as a loss payee, because a loss payee is merely a party designated to be included in the payment of the successful claim of the named insured, in this case Atlantic. The district court opinion does not indicate on what basis, legal or factual, Econo's loss payee claim was rejected; it simply ignores the issue altogether.

Integrand directs our attention to precedent suggesting that "appellate tribunals should not stand unduly on ceremony, but should fill in the blanks in the district court's account when the record and the circumstances permit this to be done without short-changing the parties." Vecinos de Barrio Uno v. City of Holyoke, 72 F.3d 973, 989 (1st Cir. 1995)(citing Applewood Landscape & Nursery Co. v. Hollingsworth, 884 F.2d 1502, 1503-04 (1st Cir. 1989)). Even when specific findings are lacking, Integrand reminds us, appellate review is not necessarily precluded, and we may proceed "view[ing] the record in the light most favorable to the ruling [and] making all reasonably supported inferences." Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 49 (1st Cir.

1998)(quoting Roche v. Royal Bank of Canada, 109 F.3d 820, 821 (1st Cir. 1997)).

To review the district court opinion as to the loss payee claim, however, even in the light most favorable to the implicit rejection of the loss payee claim, would require us to infer the conclusions of law as well as the factual basis of those conclusions. "As we have stressed repeatedly in the past, the Rule 52(a) requirements that facts be stated specially, and conclusions of law separately, impose on the trial court an obligation to ensure that its ratio decidendi is set forth with enough clarity to enable a reviewing court reliably to perform its function; namely, to review the conclusions of law de novo and the essential findings of fact for clear error." Touch v. Master Unit Die Prods., Inc., 43 F.3d 754, 759 (1st Cir. 1995)(collecting cases). The district court's opinion does not afford us this opportunity. We must again "emphasize that appellate review is utterly impracticable when neither the conclusions of law which guided the district court ruling, nor the findings of fact essential to a principled decision under the applicable law, are discernible from its decision." Id.

Integrand argues that the loss payee claim was not a contested matter before the district court and thus did not require Rule 52(a) findings and conclusions. To support this contention, Integrand argues that Econo's "mention" of the loss payee status does not establish a controversy between the parties. As Integrand

-7-

concedes, however, Econo listed in the Ultimate Facts to be Disputed section of the Pretrial Order "[t]he validity and enforceability of the additional insured and loss payee endorsements, in full force and effect from 1994 to 1996 inclusive, issued to Econo and if it afforded coverage to Econo's property . . . under its contents coverage section." Additionally, Econo's status as an additional insured and loss payee was discussed repeatedly at trial. Econo's counsel elicited specific testimony on the loss payee claim from the manager of Integrand's Flood Insurance Department, Freddie Acevedo-Toledo, in the following manner:

> Q.     Isn't it true, Mr. Acevedo, that as a loss payee under a policy such as the one in this case, any payments made for a claim under that policy have to include as a payee Econo Supermarkets, Inc.?
> A:     Correct.

Thus, we find that Econo's loss payee claim was a contested matter triggering the district court's duties under Rule 52(a).

Integrand also puts forth a series of substantive arguments regarding the validity of Econo's loss payee claim. Integrand argues, inter alia, that the claim is barred because Econo did not comply with all the requirements of the SFIP and that the policy in its entirety was null and void due to alleged misrepresentation by Atlantic regarding the warehouse's ownership. The merits of these assertions and their relevance to the

disposition of Econo's loss payee claim are properly left to the district court on remand.

Integrand's final argument is that Econo's failure to file a Rule 52(b) motion in the district court precludes Econo from challenging the district court's compliance with Rule 52(a) on appeal. Rule 52(b) provides that "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). While "[a]ppeals based on the insufficiency of the findings should not be overused as substitutes for motions to amend findings," 9A Wright & Miller, Federal Practice and Procedure § 2582 (2d ed. Supp. 2003), failure to file such a motion in the district court does not preclude appeal. See, e.g., Touch, 43 F.3d at 759 (noting that "neither party sought reconsideration under Rule 52(a)"). Nevertheless, we emphasize again, as we have before, that "although all responsibility under Rule 52(a) rests with the trial judge, . . . counsel might have avoided the unnecessary expense and delay occasioned in this case simply by submitting a timely request for reconsideration based on the need for adequate findings of fact and conclusions of law as required by Rule 52(a)." Id.

In vacating and remanding for further findings and conclusions in compliance with Rule 52(a), we do not disturb our precedent indicating that "the district court was not required to

make findings on every detail, was not required to discuss all of the evidence that supports each of the findings made, and was not required to respond individually to each evidentiary or factual contention made by the losing side." Addamax Corp. v. Open Software Foundation, Inc., 152 F.3d 48, 55 (1st Cir. 1998) (citations omitted). "As long as the trial court clearly relates the findings of fact upon which its decision rests and articulates in a readily intelligible manner the conclusions that it draws by applying the controlling law to the facts as found, no more is exigible." Sierra Fría Corp. v. Donald J. Evans, P.C., 127 F.3d 175, 180 (1st Cir. 1997)(citing Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 842 (1st Cir. 1990)). While "[t]here is no mechanical rule for determining the exact level of findings required by Rule 52(a)," Addamax Corp., 152 F.3d 4 at 55, we find that the district court's failure to provide any indication of the legal or factual basis of its disposition of Econo's loss payee claim precludes meaningful appellate review.

### III. Conclusion

We vacate the judgment and remand to the district court for further findings of fact and conclusions of law as required by Rule 52(a). In doing so, we do not express any opinion as to the merits and the district court may alter or maintain the ultimate resolution of the case.

**The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.**